**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 26, 2009

Charles R. Fulbruge III
Clerk

No. 08-11022

JEAN PIERRE

Plaintiff - Appellant

v.

POTOMAC INSURANCE COMPANY OF ILLINOIS

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC 4:03-CV-139-Y

Before BARKSDALE, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

At issue is the summary judgment awarded Potomac Insurance Company of Illinois ("Potomac") against Jean Pierre's insurance-based claims for damage to a shopping center. AFFIRMED.

I.

Pierre's shopping center in Arlington, Texas, is insured by Potomac. In 2000, a storm damaged the property's exterior. The property also suffered

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

damage from broken water pipes in 2001. Pierre filed this action in 2003, based on these damages.

Potomac moved to dismiss and for summary judgment. The motion to dismiss was denied, but partial summary judgment was granted on the issue of hail damage. *Pierre v. Potomac Ins. Co. of Illinois*, No. 4:03-CV-139-Y (N.D. Tex. 28 Jan. 2004). The district court also ordered an appraisal of the claimed mold and water damage, in accordance with the insurance policy. *Id.*

Pierre, through new counsel, moved for reconsideration with respect to the hail damage, asserting that his previous counsel had "mischaracterized" the claim. Pierre's motion was denied. *Pierre v. Potomac Ins. Co. of Illinois*, No. 4:03-CV-139-Y (N.D. Tex. 7 Feb. 2006).

Following the conclusion of the appraisal, Pierre moved successfully to reopen this action, and Potomac again moved for summary judgment. The summary-judgment motion was denied.

Subsequently, Potomac again moved for summary judgment, asserting, for the first time, a fungus exclusion contained within the insurance policy. The district court granted this motion, holding the exclusion was not barred by waiver or estoppel. *Pierre v. Potomac Ins. Co. of Illinois*, 583 F. Supp. 2d 806, 810–811 (N.D. Tex. 2008).

II.

A summary judgment is reviewed *de novo*, applying the same standards as the district court. *E.g.*, *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 338 (5th Cir. 2005). Summary judgment is proper when "there is no genuine issue as to any material fact and . . . the movant is entitled to a judgment as a matter of law". FED. R. CIV. P. 56(c); *see also*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–33 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party". *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Based on our review of the record, and essentially for the reasons stated by the district court, summary judgment was proper.

III.

For the forgoing reasons, the judgment is AFFIRMED.